# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Everett J. Berry | § | Case No. 10-24144 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/27/2010 . The undersigned trustee was appointed on 01/03/2013 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 119,549.82 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 52,058.80 |
| Bank service fees | | 1,344.24 |
| Other payments to creditors | | 209.32 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 15,000.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 50,937.46 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was  11/18/2010  and the deadline for filing governmental claims was  11/18/2010 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 8,477.49 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 8,477.49 , for a total compensation of $ 8,477.49 $^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 7.00 , for total expenses of $ 7.00 $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/29/2018                        By: /s/Joji Takada, Chapter 7 Trustee
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$ If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 10-24144 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| Case Name: | Everett J. Berry | | | | Date Filed (f) or Converted (c): | 05/27/2010 (f) |
| | | | | | 341(a) Meeting Date: | 07/15/2010 |
| For Period Ending: | 10/29/2018 | | | | Claims Bar Date: | 11/18/2010 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account (negative balance) | 0.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2. Security Deposit | 203.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 3. TV, Furniture | 200.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 4. Normal Apparel | 100.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 5. Potential class action lawsuit vs. Avandia Plain | Unknown | Unknown | | 119,549.82 | FA |
| 6. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 7. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 8. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 9. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 10. Void (u) | 0.00 | N/A | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)      $503.00      $0.00      $119,549.82      $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

011713--Assigned case after Waller resigned; Waller filed asset report 8/10; Pursuing mass tort lawsuit vs. Avandia; Waller hired special counsel JOSHUA A. JONES and the Law Firm of AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC on 8/12; Follow up with counsel. 012313--Case open; Asset report filed; Special counsel hired.

Periodic contact with PI counsel regarding status of case and resolution.

123013--Litigation value listed as $1.00 because actual value is speculative at this time.

Reviewing value of secondary payor medicare lien -- Joji Takada 11/30/2014

Bankruptcy counsel hired after prior counsel withdrew from case; Continuing to review and evaluate secondary payor medicare lien and release of funds. - Joji Takada 2/25/2015

PI counsel continues to review and evaluate secondary payor medicare lien and release of funds. - Joji Takada 6/21/2015

PI counsel continues to review and evaluate secondary payor medicare lien and release of funds. - Joji Takada 9/11/2015

Settlement reached with medicare and lien claimants; Motion to approve settlement in process. - Joji Takada 12/22/2015

Settlement reached with medicare and lien claimants; Motion to approve settlement in process. - Joji Takada 3/2/2016

Settlement reached with medicare and lien claimants; Motion to approve settlement in process. - Joji Takada 5/20/2016

9019 settlement motion approved; Awaiting payment of settlement award. - Joji Takada 9/4/2016

9019 settlement motion approved; Awaiting payment of settlement award. - Joji Takada 11/24/2016

Awaiting remainder of settlement payment. - Joji Takada 2/15/2017

Awaiting remainder of settlement payment. - Joji Takada 8/5/2017

Debtor deceased; Attempting to contact heir of Debtor re: exempt funds. - Joji Takada 10/1/2017

Debtor deceased; Attempting to contact heir of Debtor re: exempt funds. - Joji Takada 12/15/2017

Debtor deceased; Attempting to contact heir of Debtor re: exempt funds. - Joji Takada 3/28/2018

File unclaimed funds. - Joji Takada 6/8/2018


Initial Projected Date of Final Report (TFR): 12/31/2011          Current Projected Date of Final Report (TFR): 12/30/2018

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 10-24144 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Everett J. Berry | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0189 |
| | Checking |
| Taxpayer ID No: XX-XXX3497 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 10/29/2018 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/06/17 | | Aylstock Witkin Kreis Overholz | Settlement payment Additional $1553.92 to be received from special counsel. | | | $65,727.78 | | $65,727.78 |
| | | | Gross Receipts | $117,995.90 | | | | |
| | | Aylstock Witkin Kreis Overholtz | Payment to trustee professional | ($47,819.93) | 3210-000 | | | |
| | | Aylstock Witkin Kreis Overholtz | Payment to trustee professional | ($652.38) | 3220-000 | | | |
| | | Medicare Lien | Medical lien payoff | ($209.32) | 4220-000 | | | |
| | | Common expense fund | Court ordered assessment | ($3,586.49) | 2500-000 | | | |
| | 5 | | Potential class action lawsuit vs. Avandia Plain | $117,995.90 | 1129-000 | | | |
| 03/27/17 | 5 | Aylstock Witkin Kreis Overholtz | Settlement payment Remaining settlement payment re PI litigation | | 1129-000 | $1,553.92 | | $67,281.70 |
| 04/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $82.31 | $67,199.39 |
| 05/05/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $96.68 | $67,102.71 |
| 06/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $99.75 | $67,002.96 |
| 07/10/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $96.40 | $66,906.56 |
| 08/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $99.48 | $66,807.08 |
| 09/08/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $99.32 | $66,707.76 |
| 10/06/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $95.98 | $66,611.78 |

Page Subtotals:    $67,281.70    $669.92

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD                                              Exhibit B

| Case No: | 10-24144 | | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|
| Case Name: | Everett J. Berry | | Bank Name: | Associated Bank |
| | | | Account Number/CD#: | XXXXXX0189 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX3497 | | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/29/2018 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $99.03 | $66,512.75 |
| 12/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $95.70 | $66,417.05 |
| 01/08/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $98.74 | $66,318.31 |
| 02/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $98.60 | $66,219.71 |
| 03/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.93 | $66,130.78 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $98.32 | $66,032.46 |
| 05/07/18 | 1001 | Everett J. Berry 247 CATAPILLAR DRIVE, APT 402 JOLIET, IL 60436 | Exemption Reversal Payment to be made to clerk of bankruptcy court as unclaimed funds; Transaction voided; Copy of canceled check retained. | 8100-000 | | ($15,000.00) | $81,032.46 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $95.00 | $80,937.46 |
| 05/07/18 | 1001 | Everett J. Berry 247 CATAPILLAR DRIVE, APT 402 JOLIET, IL 60436 | Exemption Debtor's PI exemption | 8100-001 | | $15,000.00 | $65,937.46 |
| 05/07/18 | 1002 | US Bankruptcy Court Clerk 219 South Dearborn Chicago, Illinois 60604 | Unclaimed Funds Debtor's exemption | 8100-002 | | $15,000.00 | $50,937.46 |

| | | | |
|---|---|---|---|
| | COLUMN TOTALS | $67,281.70 | $16,344.24 |
| | Less: Bank Transfers/CD's | $0.00 | $0.00 |
| | Subtotal | $67,281.70 | $16,344.24 |
| | Less: Payments to Debtors | $0.00 | $15,000.00 |
| | Net | $67,281.70 | $1,344.24 |

| | | |
|---|---|---|
| Page Subtotals: | $0.00 | $15,674.32 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0189 - Checking | $67,281.70 | $1,344.24 | $50,937.46 |
| | $67,281.70 | $1,344.24 | $50,937.46 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $52,268.12 |
| Total Net Deposits: | $67,281.70 |
| Total Gross Receipts: | $119,549.82 |

Page Subtotals:    $0.00    $0.00

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-24144  
Debtor Name: Everett J. Berry  
Claims Bar Date: 11/18/2010  

Date: October 29, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 99 8100 | Everett J. Berry<br>247 CATAPILLAR DRIVE, APT 402<br>JOLIET, IL 60436 | Administrative | Debtor's personal injury exemption | $0.00 | $15,000.00 | $15,000.00 |
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646<br>trustee@takadallc.com | Administrative | | $0.00 | $8,477.49 | $8,477.49 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646<br>trustee@takadallc.com | Administrative | | $0.00 | $7.00 | $7.00 |
| 100 3210 | Law Offices of Zane Zielinski PC<br>6336 N Cicero Ave #201<br>Chicago, IL 60646 | Administrative | | $0.00 | $2,695.00 | $2,695.00 |
| 100 3220 | Law Offices of Zane Zielinski PC<br>6336 N Cicero Ave #201<br>Chicago, IL 60646 | Administrative | | $0.00 | $16.11 | $16.11 |
| 1 300 7100 | Internal Medicine And Family<br>C/O: Collection Professionals Inc<br>P O Box 416<br>La Salle, Il 61301 | Unsecured | | $0.00 | $2,035.16 | $2,035.16 |
| 2 300 7100 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, Pa 19114 | Unsecured | | $0.00 | $133,964.65 | $133,964.65 |
| 3 300 7100 | Joliet Fire Department<br>Creditor Discount & Audit<br>Po Box 213<br>Streator, Il 61364 | Unsecured | | $0.00 | $1,069.61 | $1,069.61 |
| 4 300 7100 | Silver Cross Hospital<br>Po Box 100<br>Joliet, Il 60434 | Unsecured | | $0.00 | $242.82 | $242.82 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-24144  
Debtor Name: Everett J. Berry  
Claims Bar Date: 11/18/2010  

Date: October 29, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5 300 7100 | Missouri Department Of Revenue Po Box 475 Jefferson City Mo 65105 | Unsecured | Inherited case from prior trustee Brad Waller; Claim not on official form; Debtor did schedule obligation owed to Missouri Department of Revenue in substantially the same amount as claim filed; Attempts to contact MDR unsuccessful; Docket indicates court also attempted to contact claimant; Trustee believes claim is value as scheduled and filed; Does not believe using estate funds to object merely because of form a meaningful use of estate funds; Claimant to be paid roughly $600 on claim; Federal taxes being paid majority of estate funds. - Joji Takada 8/10/2018 | $0.00 | $2,019.29 | $2,019.29 |
| | Case Totals | | | $0.00 | $165,527.13 | $165,527.13 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2  Printed: October 29, 2018

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-24144
Case Name: Everett J. Berry
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand $ 50,937.46

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ 8,477.49 | $ 0.00 | $ 8,477.49 |
| Trustee Expenses: Joji Takada | $ 7.00 | $ 0.00 | $ 7.00 |
| Attorney for Trustee Fees: Law Offices of Zane Zielinski PC | $ 2,695.00 | $ 0.00 | $ 2,695.00 |
| Attorney for Trustee Expenses: Law Offices of Zane Zielinski PC | $ 16.11 | $ 0.00 | $ 16.11 |

Total to be paid for chapter 7 administrative expenses    $    11,195.60

Remaining Balance    $    39,741.86

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 139,331.53 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 28.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Medicine And Family | $ 2,035.16 | $ 0.00 | $ 580.49 |
| 2 | Internal Revenue Service | $ 133,964.65 | $ 0.00 | $ 38,211.05 |
| 3 | Joliet Fire Department | $ 1,069.61 | $ 0.00 | $ 305.09 |
| 4 | Silver Cross Hospital | $ 242.82 | $ 0.00 | $ 69.26 |
| 5 | Missouri Department Of Revenue | $ 2,019.29 | $ 0.00 | $ 575.97 |

| | | |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 39,741.86 |
| Remaining Balance | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE