# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| EVERETT J. BERRY, | Bankruptcy No. 10-24144 |
| Debtors. | Honorable Pamela S. Hollis |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF LAW OFFICES OF ZANE ZIELINSKI, P.C.

Name of Applicant: <u>Law Offices of Zane L. Zielinski, P.C.</u>

Authorized to Provide Professional Services to: <u>Joji Takada, not individually, but as the Chapter 7 Trustee of the bankruptcy estate of EVERETT J. BERRY</u>

Period for Which Compensation is Sought: <u>December 14, 2015 through October 11, 2018</u>

Amount of Fees Sought: $<u>      2,695      </u>

Amount of Expense Reimbursement Sought: $<u>      16.11      </u>

This is a: <u>First and Final Application</u>

    The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $<u>   0.00   </u>.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| EVERETT J. BERRY, | Bankruptcy No. 10-24144 |
| Debtor. | Honorable Pamela S. Hollis |

## TRUSTEE'S FIRST AND FINAL APPLICATION FOR COMPENSATION OF HIS COUNSEL, THE LAW OFFICES OF ZANE L. ZIELINSKI, P.C.

Joji Takada, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of EVERETT J. BERRY (the "*Debtor*"), hereby submits his first and final application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling $2,695 for legal services performed by the Law Office of Zane L. Zielinski, P.C. ("*LOZZ*"), counsel to the Trustee, during the period of December 14, 2015, through and including October 11, 2018 (the "*Application Period*") and $16.11 in expenses incurred in connection with those services. In support of its Application, LOZZ respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## PERSONAL INJURY CASE

1. On May 27, 2010 (the "*Petition Date*") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "*Bankruptcy Code*"), thereby initiating the Case.

2. Among the assets of the Estate was the Debtor's personal injury claim involving a class action case related to the use of the drug Avandia (the "*Personal Injury Case*").

3. Bradley Waller was the initial chapter 7 Trustee. He resigned as the Trustee on January 4, 2013, and Joji Takada was subsequently appointed as the Trustee.

4. On August 31, 2012, this Court entered an order (the "*Retention Order*") authorizing the Trustee to employ the Debtor's personal injury attorney of the Law Firm of Aylstock, Witkin, Kreis & Overholtz, PLLC ("*Special Counsel*") to pursue the Personal Injury Case.

5. Special Counsel resolved the Personal Injury Case for nearly $120,000. Unfortunately, the settlement was delayed due to issue with Medicare.

6. In addition, even after this court approved the settlement, Special Counsel had difficulty in obtaining the funds from the settling party, which resulted in almost six month delay in receiving fund.

7. Last, due to the length of time this case was open the Debtor had passed away, and the Debtor's exempt funds of $15,000 remained unclaimed.

8. While the Trustee located the next of kin, Kurt Berry, he was unsuccessful getting the Debtor's son to claim the funds, and ultimately turned the funds over to the Court as unclaimed funds.

## FEE APPLICATION

9. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's

attorneys.  Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I. Services Performed

    A.  *Administration/Settlement*                                                                                            *$2,695*

LOZZ spent 7.7 hours at a cost of $2,695 on issues related to the resolution of a Personal Injury case, and investigating the Debtor's next of kin related to the unclaimed $15,000 exemption.  In addition, the applicant spent .7 hours preparing the fee application.

## II. Attorneys Providing Services for this Estate

Zane L. Zielinski (ZZ) is of counsel at LOZZ.  Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, Debtor and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

## III. Calculation of Time and Fees

The Trustee filed his application employ Zane L. Zielinski and LOZZ as Counsel to the Trustee. *See* Dkt. No. 35.  The application was granted on December 18, 2015. *See* Dkt. No. 37.

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by LOZZ during the Application Period.

LOZZ's professionals spent a total of 7.7 hours providing necessary legal services for the Trustee. As a result, LOZZ requests compensation in the amount of $2,695 for actual, necessary legal services performed.

LOZZ maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as **Exhibit A,**

The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $350.

LOZZ does not bill its clients or seek compensation in this Application for its overhead expenses.

No agreement or understanding exists between LOZZ and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

No compensation has been promised to LOZZ other than as disclosed or approved by this Court.  LOZZ certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

Finally, LOZZ represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is

>   reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the attorneys who performed the Services—that is, the *"*lodestar*"* rate—is $350. This average rate is fair and reasonable in light of the services provided and the experience of LOZZ's professionals. Moreover, the compensation requested by the LOZZ is reasonable based upon the customary

compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, LOZZ respectfully requests that this Court enter an Order: a) allowing LOZZ compensation for actual, necessary legal services in the amount of $2,695; b) authorizing the reimbursement of actual and necessary expenses of $16.11; c) authorizing the Trustee to pay LOZZ's compensation and expense; and c) granting such other relief as the Court deems just and equitable.

October 11, 2018

Respectfully submitted,

**Joji Takada**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **EVERETT J. BERRY**

By: */s/ Zane Zielinski*
One of his attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
   ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue,
Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.   815-846-8516
e.  trustee@zanezielinski.com

**Exhibit A**

## Administration/Settlement

| Date | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|
| 12/14/2015 | ZZ | 0.6 | $350.00 | $210.00 | Draft motion to employ counsel |
| 6/21/2016 | ZZ | 0.3 | $350.00 | $105.00 | communicate with counsel related to expense charged, and open issues on settlement |
| 7/20/2016 | ZZ | 0.4 | $350.00 | $140.00 | confirm with counsel regarding final costs and fees related to settlement |
| 8/4/2016 | ZZ | 3.2 | $350.00 | $1,120.00 | Review Settlement with GlaxoSmithKline, and details on Medicare Lien issues (.7); draft motion to approve settlement (2.1); communicate with counsel related to setttlement and forms (.4) |
| 8/26/2016 | ZZ | 0.3 | $350.00 | $105.00 | Prepare for and appear in court on settlement |
| 9/26/2016 | ZZ | 0.1 | $350.00 | $35.00 | follow-up with counsel on status of funds |
| 10/11/2016 | ZZ | 0.1 | $350.00 | $35.00 | follow-up with counsel on status of funds |
| 12/5/2016 | ZZ | 0.1 | $350.00 | $35.00 | follow-up with counsel on status of funds |
| 1/26/2017 | ZZ | 0.1 | $350.00 | $35.00 | follow-up with counsel on status of funds |
| 2/24/2017 | ZZ | 0.1 | $350.00 | $35.00 | follow-up with counsel on status of funds |
| 3/6/2017 | ZZ | 0.1 | $350.00 | $35.00 | Review and confirm funds, and request additional information from special counsel |
| 5/2/2017 | ZZ | 0.6 | $350.00 | $210.00 | Communicate with counsel regarding next of kin of Debtor for turnover of exemption funds (.2); research next of kin information (.4) |
| 6/5/2017 | ZZ | 0.7 | $350.00 | $245.00 | Research nex tof kin of Mr. Berry, and draft letter to Mr. Berry's son related to funds being held by trustee (.7) |
| 5/7/2018 | ZZ | 0.3 | $350.00 | $105.00 | Draft unclaims funds report and file |
| 10/11/2018 | ZZ | 0.7 | $350.00 | $245.00 | Draft first fee app |
| | | 7.7 | | $2,695.00 | |

**Expenses**

**Disbursements**

| | | | | |
|---|---|---|---|---|
| 8/4/2016 | Postage for Settlement Motion | | $8.01 | 9@.89 |
| 8/4/2016 | copies of settlement motion | | $8.10 | 81 @ .1 |
| | | | $16.11 | |